UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID THOMPSON, | No. 2:17-cv-0996 KJM AC P |
| Petitioner, | |
| v. | ORDER |
| DAVID BAUGHMAN, | |
| Respondent. | |

Petitioner is a California state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has filed a motion to stay (ECF No. 14), seeking to stay this case until the state superior court can finish review of his claims. Petitioner states that he is trying to exhaust those claims. Id. at 1. The court requires additional information in order to adjudicate petitioner's motion.

First, petitioner states that the superior court will make a determination as to his claims on or about October 30, 2017. Id. at 1, 3. Petitioner is advised, however, that proper exhaustion of state court remedies requires that he present his claims to the state's highest court, in this case the California Supreme Court. See Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985) (stating that exhaustion requires fair presentation the state's highest court) cert. denied, 478 U.S. 1021 (1986). Plaintiff should therefore explain whether he intends to present his claims to the California Supreme Court after the superior court finishes its review, and what effect such

1

presentation has on his motion to stay.

Second, petitioner should explain whether he seeks a "Rhines stay" or a "Kelly stay." There are two kinds of stays available to a § 2254 petitioner who wishes to exhaust claims in state court: one established by Rhines v. Weber, 544 U.S. 269 (2005) and the other by Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002). The Rhines stay procedure may be applied both to petitions which contain only unexhausted claims and to petitions that are "mixed" – that is, petitions containing both exhausted and unexhausted claims. See Mena v. Long, 813 F.3d 907, 910 (9th Cir. 2016). The immediate petition raises fourteen separate habeas claims and it is unclear which, if any, have been exhausted. The motion for stay is ambiguous on this point, stating only that petitioner seeks to "exhaust his petition." Under Rhines, the district court stays the petition in its entirety, without requiring dismissal of any unexhausted claims, while the petitioner attempts to exhaust them in state court. King v. Ryan, 564 F.3d 1133, 1138-41 (9th Cir. 2009). Regardless of whether the petition is fully unexhausted or "mixed," a Rhines stay is available only where (1) good cause is shown for petitioner's failure to have exhausted all claims in state court prior to filing the federal petition, (2) the unexhausted claim or claims potentially have merit, and (3) there is no indication that petitioner has intentionally delayed pursuing the litigation. Rhines, 544 U.S. at 277-78.

Under the alternative procedure outlined in Kelly, a district court may stay a petition containing only exhausted claims and hold it in abeyance pending exhaustion of additional claims which may then be added to the petition by way of amendment. Kelly, 315 F.3d at 1070-71; King, 564 F.3d at 1135. If the petition in question is "mixed," the petitioner seeking a Kelly stay must first dismiss the unexhausted claims from the petition and then seek to add them back after exhausting them in state court. King, 564 F.3d at 1138-39. The previously unexhausted claims, once exhausted, must be added back into the federal petition within the statute of limitations provided for by 28 U.S.C. § 2244(d)(1), however. King, 564 F.3d at 1140-41.

Overall, a Rhines stay is much harder to get but preserves the federal filing date of the previously unexhausted claims for purposes of the statute of limitations. A Kelly stay is easier to get, but does not provide any protection against newly exhausted claims becoming time-barred during the exhaustion process. See King, supra.

2

Petitioner should explain which stay mechanism is applicable to his current motion and which of the fourteen claims raised in his current petition are implicated.

In accordance with the above, IT IS HEREBY ORDERED that petitioner should file a response which addresses the issues in this order within thirty days.

DATED: October 18, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE